Order, Supreme Court, New York County (Lori S. Sattler, J.), entered September 27, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs motion for an order increasing child support and to enforce the parties’ stipulation of settlement, and awarded plaintiff $3,000 in counsel fees, unanimously affirmed, without costs.
Plaintiff failed to make a prima facie showing that a substantial, unanticipated change in circumstances has occurred warranting a modification of the child support award (see Merl v Merl, 67 NY2d 359, 362 [1986]). Nor did plaintiff show that the needs of the child were not adequately being met (see Matter of Brescia v Fitts, 56 NY2d 132, 140 [1982]).
The increase in defendant’s income does not constitute an *552 unanticipated change in circumstances warranting an increase in support (see Friedman v Friedman, 65 AD3d 1081 [2d Dept 2009]). In any event, the parties’ agreement provides a mechanism for increases every three years based on defendant’s income. Plaintiff also failed to provide any evidence to support her claim that she made efforts to find employment commensurate with her training and experience (see O’Brien v McCann, 249 AD2d 92 [1st Dept 1998]; Matter of Piernick v Nazinitsky, 48 AD3d 690 [2d Dept 2008]). In any event, plaintiffs underemployment was not a change in circumstances as she had been unemployed and/or underemployed at the time of the parties’ agreement.
In light of the absence of any evidence supporting a modification of the child support award, a hearing is unnecessary (see Shachnow v Shafer, 82 AD3d 423, 424 [1st Dept 2011], lv dismissed 17 NY3d 935 [2011]).
Supreme Court also properly found that there had been no violation of the provision in the parties’ agreement requiring recalculation of child support every three years based on defendant’s income. Defendant’s bonus received in 2011 was not to be included in the calculation of his income in the three-year period between January 1, 2008 and January 1, 2011.
Supreme Court correctly found that defendant was not obligated to pay the child’s school transportation costs. The parties’ agreement only requires him to pay 63% of the child’s private school up to a maximum of $5,000 per year. Defendant also met his obligation to obtain and provide proof of life insurance in compliance with the parties’ agreement.
Supreme Court providently exercised its discretion in awarding plaintiff $3,000 in counsel fees {see Domestic Relations Law § 237 [a]). Concur — Gonzalez, EJ., Tom, Saxe, Freedman and Manzanet-Daniels, JJ.